**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**KENNETH HALL,**

      **Plaintiff,**      **No.**

**-against-**

                **COMPLAINT**

**MIDLAND FUNDING LLC and**
**FORSTER & GARBUS, LLP,**

      **Defendants.**

---

### I. Introduction

1. This is an action for damages brought by an individual consumer for the violation by Defendants Midland Funding LLC and Forster & Garbus, LLP of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.,* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. The debt sought to be collected by Midland Funding LLC and Forster & Garbus, LLP was an alleged consumer credit debt of Plaintiff Kenneth Hall to pay money arising out of a transaction in which the money, property, insurance or services which were the subject of the transaction were primarily for personal, family, or household purposes.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

3. Plaintiff Kenneth Hall ("Hall") is a natural person residing in the County of Wayne at 4056 Boynton Road, Walworth, New York 14568.

4.     Upon information and belief, Defendant, Midland Funding LLC ("Midland"), is a foreign limited liability company organized under the laws of Delaware engaged in the business of collecting debts in New York State and elsewhere and is authorized to do business in this state, and has an address for service at c/o Corporation Service Company, 80 State Street, Albany, New York 12207.

5.     Upon information and belief, Defendant Forster & Garbus, LLP ("Forster & Garbus") is a domestic registered limited liability partnership engaged in the business of collecting debts in New York and is authorized to do business in this state, and has an address for service at 60 Motor Parkway, Commack, New York 11725.

6.     Midland is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and/or Midland itself as a result of the purchase of consumer credit debt already in default at the time of purchase.

7.     Forster & Garbus is a debt collector as defined by FDCPA, 15 U.S.C. § 1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

8.     Hall qualifies for purposes of this action as an individual consumer pursuant to the FDCPA, i.e., a natural person allegedly obligated to pay any debt.

## IV.     FACTUAL ALLEGATIONS

9.      A collection action was filed by Midland against Hall on or about April 8, 2015, captioned *Midland Funding LLC A/P/O Webbank v. Kenneth Hall*, Index No. 78431, Supreme Court of the State of New York, County of Wayne.

10.     The complaint in the collection action alleged that Midland purchased a credit card account on which Hall was liable for $1,726.62.

11.     Hall retained an attorney to defend him in the collection action and incurred liability for attorney fees. Hall interposed an answer in which he denied the allegations of the collection action complaint, and raised various affirmative defenses, including lack of standing.

12.     Hall brought a motion for summary judgment in the collection action in Supreme Court, Wayne County, based on Midland's lack of standing and inability to prove that it was the owner of any credit card account on which Hall was liable. Because Midland failed to prove with admissible evidence that it owned any credit card debt on which Hall was liable, Midland lacked standing to file the collection action against Hall on the credit card debt alleged in the complaint.

13.     Supreme Court, Wayne County granted Hall's motion for summary judgment for lack of standing by an Order entered January 4, 2016.

14.     Midland was unable to prove that it had standing to bring the collection claim against Hall or that it owned any credit card debt on which Hall was liable in the amount of $1,762.62.

15.     As stated above, the caption in the Supreme Court, Wayne County collection claim against Hall designated the plaintiff as *Midland Funding LLC A/P/O Webbank*.

The term "A/P/O" is short for "as purchaser of." Therefore the caption on the summons as well as on the complaint in the collection claim set forth a plaintiff called "Midland Funding LLC as purchaser of Webbank"

16. Upon information and belief, Midland Funding LLC never purchased Webbank.

17. The designation of the plaintiff in the collection claim is therefore inaccurate, deceptive, and confusing. Such a plaintiff does not actually exist.

18. An unsophisticated consumer that was a defendant in the collection action would be confused by such a designation, and would not know who the plaintiff was – whether it was Midland Funding, LLC; Webbank; Midland Funding LLC as the purchaser of Webbank; a legal entity named Midland Funding LLC A/P/O Webbank; or otherwise. The consumer could easily be deceived into believing that the original creditor was bringing the collection claim rather than a debt buyer in its own name, or that Midland Funding LLC was authorized as the purchaser of Webbank to bring the collection claim without any transfer of the disputed account to Midland. Moreover, the term "A/P/O" is not a recognized legal term, and there is no legitimate basis for putting this term in the caption.

19. The collection summons characterized Webbank as the original creditor on the account allegedly purchased by Midland on which Hall was allegedly liable. Upon information and belief, Hall was not at any time liable on any account pertinent to the collection action on which Webbank was the original creditor.

### *V. CLAIM FOR RELIEF*

20. Hall repeats and realleges and incorporates by reference the above paragraphs

of the Complaint.

21. Midland violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Midland misrepresented in the collection complaint that it owned a credit card debt on which Hall was liable for $1,762.62, when in fact it could not show at the time of filing or at any time thereafter that it was the owner of any such debt in the amount of $1,762.62 owed by Hall, or was ever assigned such debt, or had standing to sue to collect such debt.

22. Midland and Forster & Garbus additionally violated 15 U.S.C. § 1692e by designating the plaintiff in the caption of the collection claim as Midland LLC A/P/O Webbank, which deceptively and misleadingly represented that Midland purchased Webbank, and was suing in the capacity of a purchaser of Webbank when in fact it was not. In addition, a consumer could easily be confused by such a designation, and would not know if the plaintiff was Midland Funding LLC; Webbank; Midland as the purchaser of Webbank; a legal entity named Midland Funding LLC A/P/O Webbank, or otherwise.

23. Midland violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Hall the character, amount and legal status of the alleged debt. Midland falsely represented in the collection complaint that it owned and was assigned the alleged debt in the amount of $1,762.62. In fact, Midland had no basis for asserting such ownership in such amount, and therefore no legal basis on which to ever attempt collection of the debt in that amount. By virtue of the foregoing representations in the collection complaint, Midland also violated 15 U.S.C. § 1692e(10),

which prohibits the "use of any false representations or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

24. Midland and Forster & Garbus also violated Section 1692e(2)(A) of the FDCPA as to the character and legal status of the alleged debt by stating in the caption of the collection claim that it was the purchaser of the original creditor, and therefore would be entitled to collect on the debt as purchaser of the original creditor rather than as a debt buyer. Midland's claim that it was the purchaser of the original creditor also violated 15 U.S.C. § 1692e(10) since this claim was a false representation and deceptive means to collect or attempt to collect a debt.

25. Midland and Forster & Garbus violated 15 U.S.C. § 1692e(14) with its claim in the caption to be "Midland Funding LLC A/P/O Webbank," a nonexistent entity, by using a "business, company, or organization name other than the true name of the debt collector's business, company, or organization."

26. Midland violated 15 U.S.C. § 1692f, which provides in relevant part: "§1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." Midland violated the general application of § 1692f because it did not own the credit card debt alleged to be owed by Hall in the collection complaint, and had no basis on which to collect on the amount alleged in the complaint. Midland also violated the specific conduct prohibited by § 1692f(1) because there was no agreement

that authorized Midland to collect any amount from Hall.

27. Midland Funding violated the initial part of 15 U.S.C. § 1692e of the FDCPA, which provides: "§ 1692e. False or misleading representations. A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Midland Funding misrepresented in the collection summons, as well as the collection complaint, that the original creditor on the Hall account was Webbank, even though Hall was, upon information and belief, never liable on an account on which Webbank was the original creditor.

28. Midland Funding violated Section 1692e(2)(A) of the FDCPA by falsely representing in its collection complaint against Hall the character and legal status of the alleged debt. Midland Funding and Forster & Garbus falsely represented in the collection summons and collection complaint that Webbank was the original creditor on an account on which Hall was liable, despite the fact that upon information and belief, Hall was not liable on any account on which Webbank was the original creditor.

29. Midland Funding violated 15 U.S.C. § 1692f, which provides in relevant part: "§ 1692f. Unfair practices. A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." Midland Funding and Forster & Garbus violated § 1692f by misrepresenting that Hall was liable on an account on which the original creditor was Webbank, even though upon information and belief, Hall was not liable on any account on which Webbank was the original creditor.

30. As a result of the above violations of the FDCPA, Midland and Forster & Garbus are liable to Hall for actual damages for the cost of attorney fees in defending the lawsuit in Supreme Court in the amount of $600.00 plus court fees of $140.00, statutory

damages of $1,000.00, and costs and attorney fees for prosecuting this action.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Actual damages in the amount of $740.00.

B.  Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k.

C.  Costs and reasonable attorney fees of this action pursuant to 15 U.S.C. § 1692k.

E.  Such other and further relief as may be just and proper.

Dated: April 5, 2016

### *DEMAND FOR JURY TRIAL*

Please take notice that Plaintiff demands trial by jury in this action.

    Respectfully submitted,

    s/David M. Kaplan
    David M. Kaplan
    Attorney for Plaintiff
    2129 Five Mile Line Road
    Penfield, NY 14526
    585-330-2222
    dmkaplan@rochester.rr.com